UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

----------------------------------------------------------------- X
DUDLEY (RUSS) E. PAINTER III and NELSON DIAZ, )
                                Plaintiffs, )   ECF Case
                                          )
               - v -                                     )   08-CV-362 (JAG)(ES)
                                           )
KASH 'N' GOLD LTD., KNG                              )   **DISCOVERY**
AMERICA/POWERBRANDS,                              )   **CONFIDENTIALITY**
KASH GOBINDRAM,                                          )   **ORDER**
                                            )
                           Defendants. )
----------------------------------------------------------------- X

      Plaintiffs and Defendants hereby stipulate and agree as follows pursuant to Fed. R. Civ. P. 26(c).

      1. Any party or nonparty may designate as "CONFIDENTIAL" documents or other information containing proprietary, non-public business or financial information produced in connection with this action. The "CONFIDENTIAL" designation may be applied to documents, answers to interrogatories or requests to admit, as well as deposition transcripts. All materials to which a party or nonparty has applied the "CONFIDENTIAL" designation shall hereafter be referred to as "Confidential Material." This Confidentiality Order shall apply to all Confidential Material so designated whether produced informally or in response to formal discovery requests.

      2. Any party or nonparty producing or filing a document or thing in connection with this action may designate it at the time of its production as "Confidential Material" by typing or stamping on its face (without obscuring or defacing the material) "Confidential," "Confidential Subject to Order" or words of similar import. The parties agree to exercise good faith in evaluating whether materials should be designated as "Confidential Material" pursuant to this Confidentiality Order.

3. Subject to the terms of this Confidentiality Order, any Confidential Material shall be used by the persons to whom it is disclosed solely for preparation for the trial of this action, and any subsequent appellate proceedings; it shall not be used by such persons for any other purpose unless such purpose is authorized in writing by the party or nonparty who furnished it.

4. Confidential Material may only be disclosed to the following persons and subject to the following conditions:

    (a) Legal counsel to the parties, their successors and their respective partners, associates, law clerks and legal assistants who are participating in or providing services for the prosecution or defense of the action;

    (b) Designated representatives, in the case of parties who are natural person, and officers and employees, in the case of corporate parties, to whom disclosure is necessary for the prosecution, defense or settlement of this action, but no more than five such individuals for any one party;

    (c) Independent experts and consultants employed, consulted or retained by the parties or the parties' counsel to perform investigative work, research, analysis, expert testimony and other services specifically related to the prosecution, defense or settlement of the action;

    (d) Court reporters and their support personnel for purposes of preparing deposition and trial transcripts;

    (e) The author(s), sender(s), addressee(s) and copy recipient(s) of Confidential Material;

    (f) The Court, its staff, and support personnel;

  (g) Any settlement conference officer or mediator to whom disclosure of Confidential Material is permitted by the Parties in writing; and

  (h) Percipient witnesses called to testify in a deposition or at trial, but only for purposes of such testimony.

5. To the extent any Confidential Material is filed with the Court, whether as an exhibit to a submission or referenced within a submission, the parties will comply with Local Civil Rule 5.3 to seal or otherwise restrict public access to the Confidential Material. Any such submission shall be treated by the Court as having been filed under seal thereafter until a decision is made by the Court.

6. Before disclosing Confidential Material to any persons referenced in paragraph 4(b) and (c), counsel shall provide a copy of this Confidentiality Order to such persons, shall advise them that they are governed by its provisions, and shall instruct them not to use Confidential in any manner contrary to the terms of this Confidentiality Order. Counsel shall cause each such person(s) to execute a copy of a "Consent to be Bound," the form of which is attached hereto as Exhibit "A".

7. If any party disagrees with respect to the designation of any documents or materials as Confidential Material, in whole or in part, it shall notify the Designating Party of its disagreement in writing, and the Designating Party and the objector(s) will thereupon confer as to the status of the subject information with ten (10) days (or such other time as the parties may agree upon) after the Designating Party receives the written notification. If prior to, or at the time of such a conference, the Designating Party withdraws its designation of such information as being subject to this Order, the Designating Party shall express the withdrawal in writing. If the objector and Designating Party are unable to agree upon the status of the documents or

materials designated as Confidential Material, at the time of the conference, the objector may, bring the dispute before the Magistrate Judge. If a motion is filed, the documents and materials at issue shall continue to be treated as Confidential Material pending resolution of the issue by this Court.

8. This Confidentiality Order shall be without prejudice to the rights of the parties to apply to the Court for additional, different or removal of protection if they deem it necessary to do so. The terms of this Confidentiality Order shall not affect the right of any person to seek and secure greater protection for particularly sensitive Confidential Material or to seek whatever further relief is available under the Federal Rules of Civil Procedure.

9. This Confidentiality Order shall continue to full force and effect with respect to all Confidential Material, whether or not offered into evidence at the trial of this action, until another order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court. At the conclusion of this action (including any appeals), all such Confidential Material, with the exception of deposition transcripts, deposition exhibits, discovery responses, trial transcripts and trial exhibits, shall be returned to the party who produced it and not party, expert, consultant or any other person or entity to whom such Confidential Material was produced shall retain any copies of any such Confidential Material.

10. This Protective Order is without prejudice to the right of any party or nonparty to object to the discovery, production and/or admissibility of any Confidential Material, document or evidence on grounds other than confidentiality or to bring before the Court at any time the question of whether any particular Confidential Material is or is not relevant to any issues in, or to the subject matter of, this action, and such right is hereby expressly reserved. The designation

of Confidential Material pursuant to this Confidentiality Order shall not be construed as an admission of the relevance of such Confidential Material in the trial of this action.

11. Nothing contained herein shall prevent any party or nonparty from using or disclosing its own Confidential Material without having to comply with the terms of this Confidentiality Order. This Confidentiality Order may be amended without leave of the Court by the agreement of counsel for the parties in the form of a Confidentiality Order that shall be filed with the Court.

12. Notwithstanding whether this Confidentiality Order becomes an order of the Court, or is modified by the Court, the Parties hereto agree to be bound by the terms of the Confidentiality Order until such time as it is superseded by Order of this Court.

13. This Confidentiality Order and the embodied agreements shall survive the termination of the action and continue in full force and effect.

Dated: March 31, 2009

_____
Dudley (Russ) Painter III
*Pro Se*
2175 Allen Street
Rahway, New Jersey 07065
Tel. (732) 574-8983

_____
Jura C. Zibas (JZ 8970)
Lewis Brisbois Bisgaard & Smith, LLP
Attorneys for Defendants
199 Water Street – 25th floor
New York, New York 10038
Tel. (212) 232-1300

_____
Nelson Diaz
*Pro Se*
P.O. Box 7172
Colonia, New Jersey 07067
(908) 472-7280

4812-3265-5619.1

SO ORDERED:

_____
The Honorable Esther Salas,
United States Magistrate Judge

Dated: May 20, 2009

## EXHIBIT A

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

The undersigned hereby acknowledges that he/she has read the Confidentiality Order in the action entitled *Dudley (Russ) E. Painter III and Nelson Diaz v. Kash 'N' Gold Ltd., KNG America/Powerbands, Kash Gobindram*, (08-CV-362) pending in the United States District Court, District of New Jersey, understands the terms thereof, and agrees to be bound by such terms.

Dated: _____   By: _____

Name: _____